**The document below is hereby signed.**

**Dated: July 23, 2012.**



_____
**S. Martin Teel, Jr.
U.S. Bankruptcy Judge**

```
            UNITED STATES BANKRUPTCY COURT
             FOR THE DISTRICT OF COLUMBIA
```

| | | |
|---|---|---|
| In re | ) | |
| | ) | |
| RICHARD ROSS, | ) | Case No. 11-00757 |
| | ) | (Chapter 11) |
| Debtor. | ) | |
| _____ | ) | |
| | ) | |
| | ) | |
| RICHARD ROSS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Adversary Proceeding No. |
| | ) | 11-10060 |
| STATE OF MARYLAND, | ) | |
| DEPARTMENT OF BUSINESS AND | ) | For publication in West's |
| ECONOMIC DEVELOPMENT, | ) | Bankruptcy Reporter. |
| | ) | |
| Defendant. | ) | |

```
              MEMORANDUM DECISION RE
         CROSS-MOTIONS FOR SUMMARY JUDGMENT
```

This addresses the parties' cross-motions for summary judgment. For the reasons that follow, the court will avoid the debtor's transfer of his interest in tenants by the entirety property, but will leave intact his wife's transfer of her interest, for whatever, if anything, that avails the defendant.

I

The debtor, Richard Ross, commenced this adversary proceeding as a debtor-in-possession under 11 U.S.C. § 1101, exercising the powers of a trustee pursuant to 11 U.S.C. § 1107(a).  Invoking 11 U.S.C. §§ 544 and 547, his amended complaint against the defendant, the State of Maryland's Department of Business and Economic Development, seeks to set aside a deed of trust against District of Columbia real property, known as Swann House, owned by him and his wife, Mary Ross, as tenants by the entirety.

In 2009, the Rosses personally guaranteed the debt owed to the Department by a related entity, Milestone Tarant, LLC.  The deed of trust at issue, executed by Mr. and Ms. Ross, secured payment of that joint liability.  Ross's bankruptcy case ensued in 2011.

At the pretrial conference of July 3, 2012, the Department conceded that, but for legal arguments next discussed, Ross had shown that his transfer, pursuant to the deed of trust, of his interest in Swann House was an avoidable preference under § 547(b), and that the Department was unable to produce evidence at this juncture to rebut that showing.[1]  That has permitted the court to dispose of the proceeding by way of summary judgment.

---

[1] The Department had advanced a contemporaneous exchange defense under 11 U.S.C. § 547(c)(1) in its answer to the amended complaint, but has abandoned pursuit of that affirmative defense.

2

II

The Department contends that Ross is guilty of unclean hands because the delay in the recording of the Department's deed of trust was procured by and at the request of Ross. The doctrine of "unclean hands" is no defense to a preference action. *See McGuane v. Everest Trading, LLC (In re McGuane)*, 305 B.R. 695, 704 (Bankr. N.D. Ill. 2004); *In re Patterson*, 330 B.R. 631, 642 (Bankr. E.D. Tenn. 2005).

III

The Department contends that §§ 544 and 547 do not apply because each of those statutory provisions "applies only to a 'transfer of property of the debtor'" and also because "the debtor-in-possession cannot act unilaterally to avoid a transfer of property by a tenancy by the entirety estate when the spousal co-tenant is not a debtor in this bankruptcy case." Dept. Mot. Summ. Jdgt. 1-2. Both arguments must be rejected.

A

The Bankruptcy Code makes clear that an interest of the debtor in tenancy by the entirety property is property of the debtor. First, under 11 U.S.C. § 522(b)(3)(B), a debtor may exempt "any interest in property in which the debtor had, immediately before the commencement of the case, an interest as a tenant by the entirety . . . to the extent that such interest . . . is exempt from process under applicable nonbankruptcy law."

3

Second, if certain conditions are met under 11 U.S.C. § 363(h), "the trustee may sell both the estate's interest . . . and the interest of any co-owner in property in which the debtor had, at the time of the commencement of the case, an undivided interest as a . . . tenant by the entirety." It follows that a prepetition transfer of such an interest is "a transfer of property of the debtor" within the meaning of § 547.[2]

B

For Mr. Ross to avoid his transfer to the Department of his interest in the entirety property, there is no requirement that Ms. Ross have also filed a bankruptcy case. Consent of the non-debtor spouse is unnecessary in order for a trustee to avoid the *debtor's* transfer of *the debtor's* interest in the spouses' tenants by the entirety property. True, if only one spouse makes a transfer of tenants by the entirety property, the transferee has no enforceable right against the property so long as it remains entirety property: both spouses must join in such a

---

[2] This analysis is supported as well by decisions holding that the phrase "legal or equitable interests of the debtor in property of the estate as of the commencement of the case" in 11 U.S.C. § 541(a)(1) includes an interest of the debtor in tenants by the entirety property. *See Napotnik v. Equibank & Parkvale Sav. Ass'n*, 679 F.2d 316, 318 (3d Cir. 1982) (relying on what is now § 522(b)(3)(B), and formerly was § 522(b)(2)(B), to reach this conclusion). *See also In re Paeplow*, 972 F.2d 730, 737 (7th Cir. 1992); *In re Hunter*, 970 F.2d 299, 305 (7th Cir. 1992); *Garner v. Strauss (In re Garner)*, 952 F.2d 232, 233-34 (8th Cir. 1991); *Sumy v. Schlossberg*, 777 F.2d 921, 925 (4th Cir. 1985); *Liberty State Bank & Trust v. Grosslight (In re Grosslight)*, 757 F.2d 773, 775 (6th Cir. 1985).

4

conveyance if the transferee is to have enforceable rights against the property so long as it remains entirety property. From this, the Department argues, a bankruptcy trustee in the case of only one of the spouses may not avoid the Department's lien on the entirety property, as it is an all or nothing proposition, citing *In re Erdmann*, 446 B.R. 861, 869 (Bankr. N.D. Ill. 2011). Here, however, the debtor is exercising the power of a trustee to avoid *the debtor's* transfer, pursuant to the deed of trust, of *the debtor's* interest in the entirety estate. That power, when confined by its terms to only the transfer of the debtor's interest, is, to be sure, not a power to avoid the non-debtor spouse's conveyance of her interest in the entirety property. Nevertheless, an avoidance of the transfer of the debtor's interest has beneficial consequences for the estate that the trustee administers for the benefit of unsecured creditors. The lien on the non-debtor's spouse's interest remains intact, but without the debtor's transfer remaining intact, only Ms. Ross (the non-debtor spouse) made a transfer, and that transfer by one spouse alone was inadequate to transfer an interest that is enforceable against the entirety property so long as the property remains entirety property. In turn, Ross is entitled to invoke § 363(h) to sell the entirety property, free of the Department's non-enforceable lien, for the benefit of joint creditors. *See Sumy v. Schlossberg*, 777 F.2d at 932.

IV

Once again focusing on Ms. Ross's interest in the entirety property (and not on Mr. Ross's interest, whose conveyance is all that Ross can avoid), the Department cites *Hunter v. Citifinancial, Inc., (In re Hunter)*, 284 B.R. 806 (Bankr. E.D. Va. 2002), as supporting its position.  *Hunter* held that § 506(a) and § 506(d) cannot be used in a solo-debtor case to strip down or strip off a lien to a lower amount based on the lack of equity in entirety property, as this would amount to a change in ownership without both spouses having joined in making the change.  The Department's reliance on *Hunter* and its ilk is misplaced.  At least two courts have declined to follow the reasoning of *Hunter*.  *See In re Janitor*, 2011 WL 7109363 (Bankr. W.D. Pa. Jan. 4, 2011); and *In re Strausbough*, 426 B.R. 243 (Bankr. E.D. Mich. 2010).  Moreover, the holding in *Hunter* might have been justified by the fact that § 506(d) voids a lien that is not allowed as a secured claim under § 506(a) only to the extent that it is a claim against the debtor, and thus any § 506(d) strip down or strip off is ineffective against the claim against the spouse's interest (*see In re Gottron*, 2012 WL 907489, at *2 (Bankr. D. Md. Mar. 16, 2012)), without having to resort to reasoning that spousal consent is necessary for any transfer to be effective.

Even if it is assumed for purposes of analysis that the

reasoning of *Hunter* was sound, that reasoning does not apply to §§ 544 and 547, and other avoidance powers of a trustee. Those avoidance powers are directed to avoiding only the transfer of *the debtor's* interest in the property, not making a change in ownership to which both spouses must consent; the avoidance provisions do not attempt to address the co-owner's interest in the property. Those powers enable a trustee, in the case of a conveyance of an interest in entirety property, to maximize the recovery of property for distribution to holders of claims against both spouses jointly. Denying application of such powers when only one spouse files a bankruptcy case would mean that when spouses join in making a fraudulent conveyance for which the conveyance of the debtor's interest ordinarily would be avoidable under 11 U.S.C. § 548, the trustee would be unable in a solo-debtor case to avoid the transfer of the debtor's interest in order to restore joint creditors to where they would have stood had the debtor not joined in the transfer. The same reasoning applies to preferential transfers avoidable under § 547 that, if not avoided, would prefer one creditor that, but for the transfer would still hold only an unsecured claim for a debt owed by both spouses, over every other creditor holding an unsecured claim for a debt owed by both spouses. Congress could not have intended the avoidance powers to be unavailable as to an avoidable transfer of an interest in entirety property on the

basis that only one spouse filed the bankruptcy case.

V

Ross's amended complaint seeks to avoid the Department's deed of trust *in toto*. The Department argues that the plaintiff may not obtain in this proceeding relief affecting the validity, binding effect, enforceability and perfection of the lien of the deed of trust with respect to the interest of Ms. Ross in the property except to the extent that the plaintiff-debtor may with the approval of the court exercise the power of a trustee under 11 U.S.C. § 363(h) to partition or sell the entire property, subject to the interest of Ms. Ross and the claims of her creditors, including the Department.

The avoidance powers invoked by Ross apply only to avoid a transfer of *the debtor's* interest in property. Ross argues that upon avoiding the Department's deed of trust, it becomes an unrecorded deed of trust that he may avoid under § 544 as a hypothetical bona fide purchaser. An avoidance under § 544, however, is only as to Mr. Ross's interest in the property, not Ms. Ross's interest. The deed of trust is deemed to have been recorded as a lien against her interest (but not against Mr. Ross's). Ms. Ross's transfer remains intact.

Whether that transfer has any effect is a different question, but it is not a question answered by the avoidance powers of a bankruptcy trustee as to Mr. Ross's interests in

8

property.  Instead, the issue turns on the Department's rights under District of Columbia law by virtue of Ms. Ross's intact transfer.

                                VI

Even if Mr. Ross's complaint could be viewed as seeking a declaratory judgment regarding the effect of Ms. Ross's conveyance to the Department, Mr. Ross would probably not be entitled to a declaration that the conveyance is ineffective *in toto* because it appears that the Department's lien, although not enforceable while both Mr. and Ms. Ross live, would be effective and enforceable against the property if Ms. Ross survives Mr. Ross and becomes sole owner of the property by virtue of her right of survivorship.  In any event, the issue will likely become moot.

Dicta in *Morrison v. Potter*, 764 A.2d 234, 237 (D.C. 2000), states that "one spouse alone cannot convey, encumber, or subject to the satisfaction of creditors' claims either that spouse's possessory estate for the joint lives of the co-tenants or that spouse's contingent right of survivorship" (quoting Cunningham, The Law of Property § 5.5, at 206 n.19).  *See also Coleman v. Jackson*, 286 F.2d 98, 99 (D.C. Cir. 1960) (referring to "the inability of either spouse acting alone to alienate an interest in the property during the joint lives of the two" as one of the great attributes of a tenancy by the entirety); *Roberts & Lloyd,*

                                 9

*Inc. v. Zyblut*, 691 A.2d 635, 638 (D.C. 1997) (referring to "the attribute of tenancy by the entireties that precludes alienation by one spouse, and its corollary that prevents execution of a judgment on property so held by the creditor of only one spouse").

Nevertheless, an earlier decision, *Fairclaw v. Forrest*, 130 F.2d 829 (D.C. Cir. 1942)--decided when the United States Court of Appeals for the District of Columbia Circuit was the authoritative voice on questions of District of Columbia law--reasoned that a spouse *may* make a transfer of her survivorship interest, with that transfer to be given effect when she survives the other spouse. The transfer was a revocable transfer because it was made in the surviving spouse's will, but she never revoked her will, and the reasoning would apply as well to an irrevocable transfer. In *Fairclaw*, the court addressed "the question whether a devise made by one spouse while the estate continues is wholly void or inoperative or may have the effect of a valid devise, effective if the other spouse dies first." *Id.* at 834. The question arose in the context of a will executed while the entirety estate was still in place. The court held that the will was effective, reasoning that the general rule of inalienability was meant to protect the surviving spouse against conveyances by the spouse who first died, not to prevent the effectiveness, upon the death of the one spouse, of a

conveyance the surviving spouse had made of her right of survivorship. The court's reasoning on that point bears repeating in full:

> The limitations on alienation and encumbrances are imposed in order to protect the rights of the other spouse, not to create a bulwark before the alienating one against his own improvidence. When he acquires full power over the property by survivorship he may do as he pleases with it. His protection ends when the spouse dies and there is no longer need to hold off creditors in her behalf. **The rule of inalienability therefore is not one founded in protection of the surviving spouse against his or her own creditors.** It is one of protection against creditors of the first decedent spouse.
>     Prior to the death of one it is always problematical which will survive. Each, technically seised of all, has an inchoate possibility of actually receiving all. The possibility is real and valuable, though uncertain. Mere possibilities are inalienable in the common-law system of estates. But this is peculiar in being coupled, in legal theory, with a presently vested estate. This fact, coupled with the idea that inalienability in general is for the protection of the other spouse, raises the question whether a devise made by one spouse while the estate continues is wholly void or inoperative or may have the effect of a valid devise, effective if the other spouse dies first. Concededly, neither a conveyance nor a devise by one could become effective if the other should survive. Nor could there be an attachment or levy against the former under judicial process. But beyond this **there is no necessity in protecting the other spouse to prevent the survivor's conveyance, or devise, or an attachment or levy against him, from becoming effective**. To do this would make the tenancy a protection against one's own improvidence, not merely against that of the spouse. We see no valid reason, from the viewpoint of protecting one spouse or the other, for not giving effect to the will of either disposing of the property, when the other dies first and the will remains unchanged and unrepublished until the death of the testator or testatrix. To do this can impair in no way the rights of either spouse acquired by virtue of the tenancy.

*Id.* at 834-35 (emphasis added).

11

It is possible to harmonize the dicta in *Morrison v. Potter*, 764 A.2d at 237 (and the similar statements in *Coleman v. Jackson*, 286 F.2d at 99, and *Roberts & Lloyd, Inc. v. Zyblut*, 691 A.2d at 638), with the reasoning in *Fairclaw v. Forrest*. From the standpoint of the entirety estate during the period that both spouses are still living, those later-decided decisions can be viewed as stating that a judgment lien against, or a conveyance by, only one spouse does not interfere with the right of the marital entity to deal with the property as though the lien or conveyance did not exist. Accordingly, when spouses convey tenancy by the entirety property, the conveyance is free of any judgment lien. *Amer. Wholesale Corp. v. Aronstein*, 10 F.2d 991, 992 (D.C. Cir. 1926).[3] It stands to reason that such a conveyance is free as well of any voluntary conveyance by only one spouse of her survivorship interest. Once the other spouse dies, however, *Fairclaw v. Forrest* can be viewed as holding that a judgment lien or voluntary lien--against the surviving spouse's survivorship interest--that arose while both spouses were living, *is* effective, *once the other spouse dies*, as against the property the surviving spouse acquires as sole owner by virtue of being

---

[3] *Fairclaw v. Forrest* cited *Amer. Wholesale Corp. v. Aronstein* without questioning that observation, and, indeed, compared *Aronstein* with a Kentucky decision that would allow a lien on a survivorship interest to be enforceable during the lives of the tenants by the entirety. *Fairclaw v. Forrest*, 130 F.2d at 834 n.9.

12

the surviving spouse.[4]  Accordingly, Mr. Ross probably would not be entitled under District of Columbia law to a declaration that the Department's lien is ineffective *in toto*.  Nevertheless, this precise issue (of what happens if Ms. Ross survives Mr. Ross with her becoming the sole owner of Swann House) would only become a live issue if Mr. Ross predeceased Ms. Ross, and by then the entirety property may no longer exist.

Mr. Ross's chapter 11 plan calls for the sale of the property, with proceeds to be distributed to joint creditors, or alternatively for a refinancing.[5]  The Department may attempt to argue that, as is the rule, for example, in Kentucky[6] or Tennessee,[7] a lien on a survivorship interest of only one spouse is effective as a lien on that interest while both spouses still live, and remains attached to the property when it is sold.  If

---

[4] This view seems supported by a later decision's observation that tenancy by the entirety property "is, of course, liable . . . for the individual debts of the surviving cotenant." *Alpher v. Preston (In re Wall's Estate)*, 440 F.2d 215, 218 (D.C. Cir. 1971) (footnote omitted).

[5] In the main case, the court ruled that with certain changes the plan could be confirmed, and the court is awaiting a proposed order from counsel for Mr. Ross to effectuate that ruling.

[6] *See  Hoffman v. Newell*, 60 S.W.2d 607 (Ky. 1932) (compared in *Fairclaw v. Forrest*, 130 F.2d at 834 n.9, with the contrary rule applying in the District of Columbia under *Amer. Wholesale Corp. v. Aronstein*).

[7] *Third Nat'l Bank in Nashville v. Knobler*, 789 S.W.2d 254 (Tenn. 1990).

13

such an assertion could affect the sale price received, Mr. Ross could seek in the main bankruptcy case an order under 11 U.S.C. § 363(f) making the sale free and clear of the Department's lien, and because any contention by the State of Maryland that its lien is presently enforceable would appear to be either in error or at the very least a subject of *bona fide* dispute, § 363(f)(4) would likely permit the property to be sold free of its lien.

In the District of Columbia, proceeds of a sale of entirety real property retain that entirety character (unless both spouses agree otherwise).[8]  *Finley v. Thomas*, 691 A.2d 1163, 1165-66 (D.C. 1997); *Alpher v. Preston (In re Wall's Estate)*, 440 F.2d at 220.  Accordingly, upon sale of the property, the proceeds will remain entirety property to be distributed under the plan, first, to liens that are effective against the entirety property; second, to creditors holding unsecured joint claims entitled to priority; and, third, to creditors holding unsecured joint claims not entitled to priority.  Ms. Ross's solo conveyance of a lien, if ineffective to create a lien enforceable against the property so long as it remains entirety property, will not be enforceable against the proceeds, with the spouses free to disregard the lien

---

[8]  Here, the Rosses have every incentive *not* to agree to treat the entireties estate at an end upon a sale as they desire their joint unsecured priority tax liabilities to be paid out of the proceeds, not to subject the proceeds as well to payment of claims for which only one or the other spouse is liable (which would diminish the amount distributed in payment of the tax liabilities).

14

in making distributions under the chapter 11 plan.  The lien would not assist the Department, which will be treated as only an unsecured non-priority joint creditor with respect to distribution of the proceeds as entirety property.

Similarly, if the Rosses refinance the property, the new loan's security interest arguably would be a conveyance that passed an interest in the property to the new lender free of the Department's lien, with that latter lien (upon Ms. Ross surviving Mr. Ross) to be effective only upon satisfaction of the new lender's lien.  Again, the issue is academic unless the Rosses pursue a refinancing, and nothing in the Rosses' representations in this adversary proceeding or in the main case suggest that they will pursue that course.  If the Rosses do pursue a refinancing, this decision is without prejudice to Ross filing an adversary proceeding seeking a declaratory judgment regarding the effect of the Department's lien on Ms. Ross's interest in the property as against a security interest obtained against the entirety property while both spouses are living.

VII

Ross is entitled to summary judgment avoiding the lien of the Department on his interest in the Swann House.  To the extent that Ross seeks to void the Department's deed of trust *in toto* pursuant to the avoidance powers of a bankruptcy trustee, the Department is entitled to summary judgment that it is only the

15

transfer of the debtor's interest that is being avoided.  These rulings will be without prejudice to Ross's seeking a declaratory judgment regarding the effect of the Department's lien on Ms. Ross's survivorship interest in the property.

[Signed and dated above.]

Copies to: All counsel of record.